Nash, C. J.
 

 It is certainly true, that the construction of a contract, whether verbal or written, is a matter of law, to be decided by the Court. Where, however, technical, or unusual words, are used, and their meaning is to be gathered from experts, or persons acquainted with the particular art to which these words refer, or from authoritive definitions, as there may be conflicting evidence, it may present a question for the jury. 2 Parsons on Contracts, 5. But where a contract presents such a case as may require the aid of a jury, the duty of the jury is to ascertain the meaning of the terms used, but it is still the duty of the Court to decide the meaning of the contract,
 
 Hutchison
 
 v.
 
 Banker,
 
 5 Mee. and Wells. Rep. 535. And if a contract is so worded that no definite meaning can be attached to it, it is the duty of the Court so to instruct the jury. The Court is no more at liberty to guess what was the meaning of the parties, than is the jury. In this case, the jury ought to have been instructed, that the contract is so obscurely worded that it Could not form the basis of judicial action. It is /utterly impossible, from the terms., used, to say when the lumber was to be delivered. The word “done” has no'specific meaning, except in cookery. Bread is said to be done, and meat, done, when they are sufficiently cooked for use as food. But when is corn done? The lumber was to be delivered “when corn was done.” “ Done ” is not a word of art or trade, and requires no expert to tell us its meaning. The Court left the sense of the contract to the jury upon the words, and other evidence,: as a matter of fact. We have seen that, in a proper case for a
 
 *364
 
 jury, they pass only upon the meaning, or sense of the words used, the duty of expounding the contract still being the duty of the Court. But the jury were no more competent to put a construction upon the word “done,” in the connection in which it stands, than the Court was. Used as it is in this contract, it is senseless, and not susceptible of explanation. We may guess at its meaning, but neither a Court or jury are permitted to decide controversies by guessing, and no man can guess, to his own satisfaction, what the word here means.
 

 Pee Cueiam. Judgment reversed, and a
 
 venwe de novo.